UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Quality Landscape and Fertilizing, Inc.,                Case No. 13-49629-PJS
                                                                 Chapter 11
                          Debtor.                                Hon. Phillip J. Shefferly
_____/

Quality Landscape and Fertilizing, Inc.,

                          Plaintiff,

v.                                                               Adv. Pro. No. 13-04905-PJS

Weingartz Supply Co.,

                          Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

         The Plaintiff in this adversary proceeding is the Chapter 11 debtor-in-possession ("Debtor").

The Debtor's complaint sought to recover an allegedly preferential transfer made to the Defendant

within 90 days of the petition date.  The Defendant filed a motion to dismiss with prejudice under

Rule 56(c) raising only one issue – that the transfer was not avoidable based on the commercial

small preference defense under § 547(c)(9).  Under this affirmative defense, an otherwise avoidable

transfer may not be avoided if the aggregate value of "all property that constitutes or is affected by

such transfer" is less than $6,225.00.

         The transfer alleged in the Debtor's complaint consisted of a seizure by a court officer of

unidentified "personal property items" of the Debtor, in satisfaction of judgments in favor of the

Defendant and another unrelated judgment creditor.  The Defendant's motion stated that the only

transfer to the Defendant consisted of the payment to it of $4,050.00, representing the proceeds of

the sale by the court officer of a 2008 Royal Trailer and a 2000 Chevrolet Van. The Defendant's motion requested judgment in favor of the Defendant because the sum of $4,050.00 is indisputably less than the threshold amount set forth in § 549(c)(9). The Defendant supported its motion with an affidavit from James Brinker, the court officer who seized the two vehicles and sold them at an auction conducted under Michigan law. The Defendant also attached copies of the judgment, request and order to seize property, and a report of collection activity under order to seize property. In support of its objection to the motion, the Debtor relied on its schedules, and an affidavit from Ronald L. Momany, the Debtor's president and sole shareholder, who stated his conclusion as to the value of the two vehicles.

On September 27, 2013, the Court heard argument on the Defendant's motion to dismiss, which both parties treated in their papers and at the hearing as a motion for summary judgment under Rule 56(c). At the conclusion of the hearing, the Court granted the motion from the bench and explained its reasons. On October 3, 2013, the Court entered an order memorializing its decision.

On October 1, 2013, the Debtor filed a motion for reconsideration under Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, raising three issues. First, the Debtor argues that the Court improperly weighed the competing affidavits, and ignored the evidence presented in the Debtor's affidavit, thus impermissibly intruding on the province of the fact-finder. Second, the Debtor contends that it did not have a full opportunity to conduct discovery, and the grant of summary judgment was premature. Third, the Debtor argues that the Court did not require the Defendant to account for the property seized, and show why the value of other property seized should not be included in the value of the property affected by the transfer for purposes of the § 547(c)(9) calculation. The Debtor asserts that

any one of these three grounds constitutes a palpable defect, the correction of which would result in a different disposition of the case, and requires denial of the Defendant's motion for summary judgment. The Court will address each issue in order.

The issue of the value of the two vehicles seized and sold is unquestionably a material issue. See Leichner v. Norfolk & Western Ry. Co., 946 F.2d 895 (Table), 1991 WL 203746, at *2 (6th Cir. Oct. 7, 1991) (finding that "'[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment'") (quoting Anderson v. Liberty Loby, Inc., 477 U.S. 242, 248 (1986)). For the Court to grant the Defendant's motion, it had to find that there was no *genuine* issue as to this material fact.

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact which requires the denial of a summary judgment motion." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1477 (6th Cir. 1989). "The 'mere possibility' of a factual dispute will not suffice." Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir. 1992) (quoting Gregg v. Allen-Bradley Co., 801 F.2d 859, 863 (6th Cir. 1986)). "The court does not weigh the evidence to determine the truth of the matter, but rather to determine if the evidence creates a genuine issue for trial." Brown v. City of Memphis, 921 F. Supp. 2d 865, 868 (W.D. Tenn. 2013) (citing Sagan v. United States, 342 F.3d 493, 497 (6th Cir. 2003)). "The Court must assess 'whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Consumers Power Co. v. Amoco Prod. Co., 208 F.3d 212 (Table) 2000 WL 245438, at *2 (6th Cir. Feb. 24, 2000) (quoting Anderson v. Liberty Lobby, 477 U.S. at 250). "'If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'" Brown v. City of Memphis, 921 F.

-3-

Supp. 2d at 868 (quoting <u>Anderson v. Liberty Lobby</u>, 477 U.S. at 249-50).

Both sides supported their assertion of value with affidavits. Fed. R. Civ. P. 56(c)(4), incorporated by Fed. R. Bankr. P. 7056, provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." "Conclusory assertions, supported only by [the non-moving party]'s own opinions, cannot withstand a motion for summary judgment." <u>Arendale v. City of Memphis</u>, 519 F.3d 587, 605 (6th Cir. 2008) (citation omitted). "'In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy.'" <u>Lewis v. Philip Morris Inc.</u>, 355 F.3d 515, 533 (6th Cir. 2004) (quoting <u>Godfrey v. Pulitzer Pub. Co.</u>, 276 F.3d 405, 412 (8th Cir. 2002)). The sufficient probative evidence must "tend to support [the non-moving party's] version of the facts, *evidence* on which a reasonable jury could return a verdict for her." <u>Chappel v. City of Cleveland</u>, 585 F.3d 901, 913 (6th Cir. 2009) (citing <u>Scott v. Harris</u>, 550 U.S. 372, 380-81 (2007)).

The Court explained in its bench decision that the Debtor's affidavit did not create a *genuine* issue of fact because it lacked foundation in the form of evidence to support Momany's opinion as to the value of the two vehicles. Momany's affidavit contained conclusory assertions, consisting only of his beliefs. Although he attested to familiarity with the specific vehicles in using them in the Debtor's business, and that he had participated in buying and selling vehicles of that kind, Momany's affidavit lacked sufficient probative evidence to raise his belief as to value above mere speculation.

On the other hand, the Defendant's affidavit from Brinker attested to his 15 years of

-4-

employment as a court officer; how his employer holds large auctions every 30-45 days, which average between 150 and 300 registered bidders from the United States and Canada; that he had personally been involved in at least 200 auctions; how the public auction was conducted under Michigan law; that there were about 150 registered bidders at the auction, of which approximately 60 offered bids; and the sale price for the two vehicles. In contrast to Brinker's affidavit, which was made based on personal knowledge and set out facts that would be admissible in evidence, Momany's affidavit lacked sufficient probative evidence and presented merely colorable claims of value. Therefore, the Court properly concluded that the Debtor had not come forward with specific facts, supported by evidence in the record, upon which a reasonable jury could return a verdict in its favor.

There was a second reason that the Court found no genuine issue of fact concerning value. The very act needed to establish the value of the two vehicles, i.e. a sale by a willing seller to a willing buyer in a competitive market, was what Brinker himself performed. Brinker conducted the auction sale in conformance with Michigan law, which requires personal property be offered in a manner that is "calculated to bring the highest price." Mich. Comp. Laws Ann. § 600.6032. Although Momany may have had familiarity with these vehicles in that he used them in the Debtor's business, he did not conduct an auction for their sale. Further, at the hearing, the Court specifically asked whether the Debtor had any reason to believe that the sale was collusive in any way. The Debtor said no. The Court did not improperly weigh testimony. It simply concluded that the Debtor failed to raise a genuine issue of material fact. The Debtor's first argument does not demonstrate a palpable defect in the Court's ruling.

The Debtor's second argument is that the Court granted summary judgment prematurely,

before discovery had even commenced. There is a specific procedural rule that governs these circumstances, where the non-moving party has been unable to conduct sufficient discovery to support its opposition to a motion for summary judgment. Fed. R. Civ. P. 56(d) provides that, if a party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[,]" the Court may defer ruling, allow time to take discovery, or "issue any other appropriate order." Although this may have been a valid argument to have raised in its response and at oral argument, the Debtor did not do so. "Motions for reconsideration . . . should not be used by the parties to 'raise arguments which could, and should, have been made before judgment issued.'" In re Grady, 417 B.R. 4, 6 (Bankr. W.D. Mich. 2009) (quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)). This argument was not previously raised by the Debtor and raising it now does not demonstrate a palpable defect.

The Debtor's third and final argument is that the Court did not require the Defendant to account for other personal property seized at the same time that the court officer seized the two vehicles. The Debtor's complaint alleges that the court officer seized "numerous personal property items" in executing on the Defendant's judgment. The complaint does not identify any of the items seized. Part of the prayer for relief asks that the Court command the Defendant to tender an accurate list of assets seized and sold, as well as assets seized but not sold or returned to the Debtor.

In its objection to the Defendant's motion, the Debtor admitted that the court officer seized the two vehicles belonging to the Debtor. However, the Debtor raised a somewhat different issue in its objection than what was in the complaint, in noting that the Defendant's motion omitted any details about how the court officer determined which property was property of the Debtor and which was property of Momany individually. The import of this statement was not clear, since the Debtor

-6-

did not allege in its complaint that the Defendant seized any property of Momany. Moreover, Momany is not a debtor in this case, and would have no standing to pursue an avoidance action under § 547(b) of the Bankruptcy Code for seized property. At oral argument, the Debtor did not rely on its request for an accounting as a basis to deny the Defendant's motion. Nor did the Debtor address the issue of Momany's property having been allegedly seized and not accounted for. Reconsideration is not an opportunity to argue issues not raised in response to a motion, much less issues not alleged in a complaint.

The Court concludes that it need not allow oral argument or direct the filing of a response to the motion. The Court further concludes, consistent with L.B.R. 9024-1(a)(3) (E.D. Mich.), that the Debtor has not demonstrated a palpable defect by which the Court and the parties have been misled and that a different disposition of the case must result from a correction therefrom. Accordingly,

IT IS HEREBY ORDERED that the Debtor's motion for reconsideration (ECF No. 19) is denied.

.

Signed on October 17, 2013

_____/s/ Phillip J. Shefferly_____
Phillip J. Shefferly
United States Bankruptcy Judge